1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2
3  BRIAN J. STRETCH (CSBN 163973)
   Chief, Criminal Division
4  DAVID B. COUNTRYMAN (CSBN 226995)
   Assistant United States Attorney
5
6      450 Golden Gate Avenue, 11th Floor
       San Francisco, CA 94102
7      Telephone: 415.436.7303
       Facsimile:  415.436.7234
8      Email: david.countryman@usdoj.gov

9  Attorneys for United States of America

10

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,            )
                                        )
14                    Plaintiff,        ) No. 09-0338 PVT
                                        )
15              v.                      ) ORDER RE
                                        ) SETTLEMENT AGREEMENT
16 APPROXIMATELY $67,574 IN UNITED      ) AS MODIFIED BY COURT
   STATES CURRENCY,                     )
17                                      )
                      Defendant.        )
18                                      )

19

20 In this *in rem* forfeiture action, the United States alleges:

21                   **JURISDICTION AND VENUE**

22     The parties stipulate and agree as follows:

23     1. Plaintiff is the United States of America ("United States"). Defendant is

24 approximately $67,574 in United States Currency ("defendant currency"). After proper

25 notification and publication was given, no party filed a timely claim in this action, but Angel

26 Randy Palacios requested an extension of time for which to file a claim until March 23, 2009,

27 and the United States agreed. The United States and claimant Palacios are hereafter referred to

28 as the "parties" in this document which is hereinafter referred to as the "Settlement Agreement"

1 | or "Agreement."

2. The parties agree that the resolution of the lawsuit is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Agreement has been freely and voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement. This Agreement shall not be modified or supplemented except in writing signed by the parties. The parties have entered into this Agreement in lieu of continued protracted litigation and District Court adjudication.

3. The parties further agree that this Settlement Agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

4. This settlement is a compromise over disputed issues and does not constitute any admission of wrongdoing or liability by any party.

5. The parties have agreed that the United States will return $20,000 of the defendant currency to Palacios. The return of $20,000 shall be in full settlement and satisfaction of any and all claims by Palacios, his heirs, representatives and assignees to the defendant currency. Palacios, his heirs, representatives and assignees, shall hold harmless the United States, any and all agents, officers, representatives and employees of same, including all federal, state and local enforcement officers, for any and all acts directly or indirectly related to the seizure of defendant currency and the facts alleged in the Complaint for Forfeiture filed on or about January 26, 2009.

6. Palacios agrees that sufficient evidence exists to establish forfeiture of the remainder of the defendant currency ($47,574 plus all interest accrued on the entire defendant currency), pursuant to Title 21, United States Code, Section 881(a)(6), and consents to the forfeiture of the remainder of the defendant currency to the United States without further notice to him. Palacios further relinquishes all right, title and interest in the remainder of the defendant currency, and agrees that said property shall be forfeited to the United States and disposed of according to law by the United States.

7. Palacios states that he has no knowledge that would support any claim of

Settlement Agreement and Judgment of Forfeiture
No. 09-0338 PVT                                    2

1  legitimate or innocent ownership of any property seized from 1136 Jonesport Ave, San Jose, on
2  May 13, 2008, or any of the funds at issue in *United States v. Approximately $210,080*, CV 08-
3  5108. As such, Palacios agrees not to assist any other individual in any effort to contest any
4  administrative or judicial forfeitures of property seized from 1136 Jonesport Ave, San Jose, on
5  May 13, 2008, or any of the funds at issue in *United States v. Approximately $210,080*, CV 08-
6  5108.

7  8. The United States and Palacios agree that each party shall pay its own attorneys'
8  fees and costs.

9  9. Based on the foregoing Settlement Agreement between the United States,
10 claimant Palacios, the Parties agree that, subject to the Court's approval, this action be and
11 hereby is DISMISSED and that the proposed JUDGMENT OF FORFEITURE which is
12 submitted with this Settlement Agreement be entered.

13 IT IS SO STIPULATED:

JOSEPH P. RUSSONIELLO
United States Attorney

16 Dated: March 27, 2009

DAVID COUNTRYMAN
Assistant United States Attorney

19 Dated: March 25, 2009

ROBERT E. CAREY, JR., ESQ.
Attorney for Angel Randy Palacios

22 Dated: March 24, 2009

Angel Randy Palacios

24 BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS 11th
25 DAY OF June, 2009.

HONORABLE PATRICIA V. TRUMBULL
United States Magistrate Judge

Settlement Agreement and Judgment of Forfeiture
No. 09-0338 PVT
3